E-FILED
Wednesday, 15 August, 2007 02:47:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS

NORTHERN ILLINOIS & IOWA LABORERS HEALTH
AND WELFARE TRUST and JIM DeDECKER and
STEVE TONDI, in their capacities as Trustees of the TRUST,

    Plaintiffs,

vs.                                                      Case No. _____

BARCLAY PULLMAN CORPORATION,

    Defendant.

## COMPLAINT

**NOW COME** the Plaintiffs, by their attorneys, McCarthy, Callas, Fuhr & Ellison, P.C., by John S. Callas, and as and for causes of action against the Defendant Barclay Pullman Corporation, allege and show to the Court the following:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185(a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132) ("ERISA"), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act, the terms and provisions of the employee benefit plans, Section 301 of the Labor Management Relations Act of 1947, the federal common law and the common law.

MW\1448028

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)), because the plaintiffs and the defendant are located in this federal district and the breaches giving rise to this action took place in this federal district.

3. Plaintiff Northern Illinois & Iowa Laborers Health & Welfare Trust ("the Plan") is an employee benefit plan within the meaning of Sections 3(1), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(1), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said Plan. The Plan maintains administrative offices at 2837 Seventh Avenue, Rock Island, Illinois 61201.

4. Plaintiffs Jim DeDecker and Steve Tondi are trustees and fiduciaries of the Plan within the meaning of Section 3(21) of the ERISA (29 U.S.C. 1002(21)) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

5. Defendant Barclay Pullman Corporation ("Barclay Pullman") is a domestic corporation organized under the laws of the State of Iowa, with its principal place of business located at 262 East 90th Street, Davenport, Iowa. Its agent for service of process is David Anderson, 262 East 90th Street, Davenport, Iowa.

6. Defendant Barclay Pullman is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.).

7. For all times relevant, Defendant Barclay Pullman was a party to and agreed to abide by the terms of the agreement between The Quad City Builders

Association, Inc. and Operative Plasters & Cement Masons Local 18 of Central Illinois (the "Cement Masons"), with a letter of assent being signed by the Cement Masons and Barclay Pullman originally on August 31, 2006. This labor organization represents, for purposes of collective bargaining, certain employees of Defendant, and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.). The most recent agreement commenced on May 1, 2007 and will expire on April 30, 2010.

8.      By adoption of said collective bargaining agreement, Defendant adopted the trust agreements and amendments thereof which establish and govern the Plan and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

9.      By virtue of adopting the collective bargaining agreement and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust Plan, Defendant Barclay Pullman has agreed as follows:

   A.   to file monthly reports and make timely and prompt contributions to the Plaintiff Plan for each employee covered by the aforementioned labor agreement;

   B.   to designate and accept as its representatives the Trustees named in the declaration of trust and their successors;

C. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Plan pursuant to the trust agreements;

D. to adopt and abide by all of the actions of the Trustees in administering the Plan in accordance with the trust agreements and the rules so adopted; and

E. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

10. Defendant Barclay Pullman has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreement and trust agreements by, although not necessarily limited to, the following:

A. failing to make continuing and prompt payments to the Plan as required by the applicable collective bargaining agreement and trust agreements for all of Barclay Pullman covered employees; and

B. failing to accurately report employee work status to the Plan.

11. Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> (i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

12. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

13. Article VI of the collective bargaining agreement adopted by Defendant Barclay Pullman and the Laborers provides that Barclay Pullman is bound by the terms of the Plan's Trust Agreement and by the rules, regulations and plans adopted by the Plan's Trustees.

14. The Plan's Trust Agreement, and in particular the Plan's Policy and Procedures for Collection of Delinquent Employer Contributions, authorizes the Trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

15. Pursuant to Article VI of the collective bargaining agreement, as well as the Policy and Procedures for Collection of Delinquent Employer Contributions, the Trustees of the Plan have established rules governing delinquencies which provide that

the delinquent employer, in the case of legal actions to collect delinquencies, shall be liable for the delinquent collection amount and liquidated damages in the sum of 20 percent in the event the work month contributions in question are not received by the Plan by the 30th day of the month following the work month in question.

16. Despite demands that Defendant Barclay Pullman perform its statutory and contractual obligations, the Plaintiff Plan has ascertained that said Defendant has failed, neglected, omitted and refused to make those payments on a timely basis. To the best of its knowledge, the Plan is now informed and believes that Defendant Barclay Pullman is now indebted to the Plaintiff Plan for contributions for work months of October 2006 through June 2007, inclusive, in an amount to be determined, and for interest and liquidated damage assessments in an amount to be determined.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT BARCLAY PULLMAN: VIOLATION OF ERISA SECTION 515

17. As and for a first claim for relief against Defendant Barclay Pullman, the Plaintiff Plan realleges each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Defendant Barclay Pullman has failed to timely and wholly contribute amounts that the Trustees have determined are necessary to maintain the Plan's benefits to participants and members employed by Barclay Pullman for labor worked during the months of October 2006 through June 2007, inclusive.

19. Defendant Barclay Pullman, as a result, presently owes the Plan for fringe benefit contributions, interest and liquidated damages for the work months of October 2006 through June 2007 in an amount to be determined.

20. Despite repeated requests by the Plan, Defendant Barclay Pullman has failed to file appropriate monthly remittance reports listing its employees performing

covered work under the collective bargaining agreement and refused to pay the balance of its required contributions to the Plan on behalf of said employees, which are necessary to maintain the Plan's benefits, no later than the 15th of the month following the work month in question, as required by the collective bargaining agreement and the Trust Agreement.

21.  As a result of Defendant Barclay Pullman failure to timely make its contributions for the work months of October 2006 through June 2007 as noted above to the Plan in accordance with the collective bargaining agreement, the Defendant has violated ERISA Section 515 (29 U.S.C. Section 1145), and the Plan is entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT BARCLAY PULLMAN: BREACH OF TRUST AGREEMENT RULES

22.  As and for a second claim for relief against Defendant Barclay Pullman, the Plaintiff Plan realleges each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23.  Defendant Barclay Pullman is a party to and bound by the Plan's Trust Agreement. The Trust Agreement obligate the Defendant to make timely contribution payments to the Plan as required by the collective bargaining agreement. Article VI of the collective bargaining agreement and the Policy and Procedures for Collection of Delinquent Employer Contributions authorizes the Trustees to establish rules and regulations establishing liquidated damages of 20 percent to be assessed if contributions are not paid in full by the 30th day of the month following the month worked.

24.  Pursuant to Article VI of the collective bargaining agreement and the Plan's Policy and Procedures for Collection of Delinquent Employer Contributions, the

Plan' Trustees have prescribed rules governing delinquencies, which provide that the Plan' recovery rights include recovery of costs and reasonable attorneys' fees.

25. As a result of its failure to make contributions in a timely manner in accordance with the collective bargaining agreement, Defendant Barclay Pullman has violated the terms of the Trust Agreement. Based upon the Trust Agreement and the Plan's delinquency rules, the Defendant is liable to the Plan for liquidated damages and the expenses of collection incurred by the Plan, including reasonable attorneys' fees and costs.

26. Because the Defendant Barclay Pullman has failed to make timely and prompt contributions in the amounts due for the work months of October 2006 through June 2007, some of the Plan's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against the Defendant:

   A. For unpaid contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Plan for the work months of October 2006 through June 2007, inclusive, pursuant to ERISA and the terms of the collective bargaining agreement, the Trust Agreement and the applicable Plan delinquency rules;

B.  For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the collective bargaining agreement, the Trust Agreement and the applicable Plan delinquency rules;

C.  For an amount to be determined representing delinquent contributions, interest and liquidated damages owed to the Plan from July 1, 2007 to the present; and

D.  For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment.

2.  For such other, further or different relief as the Court deems just and proper.

Dated this ___ day of August, 2007.

_____
JOHN S. CALLAS
McCarthy, Callas, Fuhr & Ellison, P.C.
The Law Centre
329 – 18th Street, Suite 100
Rock Island, IL 61201
309-788-2800 (telephone)
309-793-4090 (facsimile)

OF COUNSEL TO THE PLAN:

PHILIP R. O'BRIEN (SBN 1015549)
ANNE WILLIS REED (SBN 1005693)
Reinhart Boerner Van Deuren s.c.
1000 N. Water St., Suite 2100
Milwaukee, WI 53201
414-298-8243 (telephone)
414-298-8097 (facsimile)
pobrien@reinhartlaw.com
areed@reinhartlaw.com

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NORTHERN ILLINOIS & IOWA LABORERS, ET AL.

## DEFENDANTS
BARCLAY PULLMAN CORPORATION

(b) County of Residence of First Listed Plaintiff    ROCK ISLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    SCOTT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John S. Callas, The Law Centre, Ltd., 329 18th Street, Rock Island, IL 61201, 309-788-2800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132; 29 U.S.C. 1145-Collection of Employee Benefit Fund Contributions

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE                    DOCKET NUMBER

DATE                            SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____